## Harmon Rademacher v. August Greenwood, Administrator.

1. FINDING OF COURT—*when, will not be disturbed.* The finding of a judge to whom a cause is submitted for trial, without a jury, is entitled to as much weight on controverted questions of fact as the verdict of a jury, and will not be set aside by an appellate tribunal unless it is manifestly against the weight of the evidence.

Action of assumpsit. Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT. Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904. Rehearing denied May 27, 1904.

LANE & COOPER, for appellant.

L. V. HILL, JETT & KINDER and AMOS MILLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit brought by appellee, as administrator of Henry Bockstruck, deceased, against appellant. The declaration contained the common counts. The general issue was filed and the case tried by the court without a jury. The court found the issues for the plaintiff, assessed his damages at $450, and rendered judgment on said finding. The defendant appeals.

No propositions of law were presented to be passed upon by the court, and it will therefore be presumed that all questions of law were decided correctly.

The assignments of error, based upon the rulings of the court as to admissibility of evidence, are not argued by counsel for appellant and therefore may be considered as abandoned.

Appellant insists, however, that the finding and judgment of the court were against the clear preponderance of the evidence.

The following facts are undisputed: Appellee's intestate, Henry Bockstruck, prior to January, 1895, had been

engaged in the business of merchandising, carrying a general stock, at the Burg in Montgomery county, Illinois. On January 5, 1895, his stock of goods was sold by the sheriff on execution, and appellant purchased the same for $900. Thereupon appellant employed Bockstruck to manage the business and agreed to pay him a salary of $25 per month and also to pay him $5 per month rent for the storeroom in which the goods were located. Bockstruck died on December 20, 1901.

The controverted facts are as to the relations between the parties subsequent to December 27, 1900. Appellant insists that at that date a settlement was made between them, Bockstruck acting for himself, and William Rademacher, a son of appellant, acting for his father, in which all the accounts between them were fully adjusted and settled; that there was found to be due from Bockstruck to appellant $206.25; that from that time William Rademacher became manager for his father, and Bockstruck his clerk at a salary of $12.50 per month; and that such new employment continued until September 27, 1901, when, on account of failing health, he severed his connection with the store.

Appellee claims that Bockstruck continued to manage the business until his health began to fail, in June, 1901. He denies that there was ever a complete settlement between the parties. He further denies that any agreement was made whereby the salary of Bockstruck was reduced to $12.50 per month, and insists that it remained at $25 until June 1, 1901. Upon the trial the account books of the respective parties were offered in evidence. There proved to be but a slight difference in them except as to the item of $777.83, which appellant claims he paid to Bockstruck at various times during his lifetime and for which the trial court failed to give him credit. Appellant sought to prove payment of these sums by entries upon his books and the testimony of his son William. The evidence thereof is unsatisfactory and indefinite. The testimony of William as to the alleged settlement between the parties tends to show that he was unworthy of belief.

We have examined the entire record and are unable to say that the finding of the trial court was not warranted by the evidence.

The finding of a judge to whom a cause is submitted for trial, without a jury, is entitled to as much weight on controverted questions of fact as the verdict of a jury, and will not be set aside by an appellate tribunal unless it is manifestly against the weight of the evidence. Haug v. Haug, 193 Ill. 645.

We find no reversible error in the record, and therefore affirm the judgment.

*Affirmed.*