· **Ellen Whalen, et al., v. Gore & Deeds, partners, etc.**

1. REAL ESTATE AGENT—*when, entitled to commissions.*  Where the
agent has found a purchaser ready, willing and able to purchase the
property of the owner, upon the terms fixed by him, but the sale is not
consummated because of the owner's inability to perform, the agent is
entitled to his commission.

Whalen v. Gore & Deeds.

Action of assumpsit. Appeal from the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

E. C. KNOTTS and D. E. KEEFE, for appellants.

BELL & BURTON, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

The declaration herein consists of the common counts in assumpsit. The plaintiffs below, Gore & Deeds, were real estate agents residing in the city of East St. Louis. Ellen Whalen, Thomas Whalen, Nellie Whalen and Jennie O'Neill, the defendants below, and Mrs. Cassie Farrington, were the owners of property in Carlinville called the O'Neill House, a hotel. The defendants resided together as one family in Carlinville; Mrs. Farrington resided in St. Louis. The suit is brought to recover compensation claimed to be due to plaintiffs for services in procuring for defendants a purchaser of that property. A Mr. Luther Robinson was the proposed purchaser. The evidence shows that Thomas Whalen is the husband of Ellen Whalen, the father of Nellie Whalen, and step-father of Mrs. Farrington and Jennie O'Neill, and that the interviews and correspondence between defendants and plaintiffs relative to the disposition of the property were chiefly between defendant Thomas Whalen, and plaintiff Gore, and Judge Keefe on behalf of defendants, or some of them, and plaintiff Gore. The negotiations proceeded to the extent that in July, 1902, all the defendants executed and delivered a deed to Robinson of the O'Neill House, and he executed and delivered to Mrs. Whalen a deed for certain real estate in East St. Louis and a note for a balance he was to pay, and a mortgage securing the same, on the O'Neill House, and a quit-claim deed from Mrs. Farrington was then prepared and sent to Mrs. Farrington at St. Louis for execution by her, to convey her interest in the O'Neill House to Robinson. Mrs. Farrington refused to execute the deed, and thereafter Mrs. Whalen reconveyed to Robinson the premises he had conveyed to her

and delivered to him said note and mortgage, and he reconveyed to defendants the O'Neill House property.

It is first urged by counsel for appellants that the court erred in finding the defendants Jennie O'Neill and Nellie Whalen, liable; in finding that they, with the other defendants, employed plaintiffs. We think there was no error in that respect. The testimony of the witnesses and facts and circumstances developed thereby show satisfactorily that plaintiffs were employed by all the defendants. It is also contended that plaintiffs knew that Mrs. Farrington had an interest in the O'Neill House, and that the sale or trade could not be carried out unless she also would execute a deed therefor, and that therefore their right to compensation was contingent upon her execution of a deed. A sufficient answer to that is that plaintiffs and Robinson were assured by defendants on the day the interchange of deeds was made that Mrs. Farrington would, without doubt, execute the quit-claim deed sent to her. The evidence shows clearly that Mr. Whalen so stated, and it also shows that he was representing all the defendants, and that on the strength of that statement the transaction was concluded between defendants and Robinson, and the papers interchanged. It is further claimed that there was a false statement made by plaintiffs to defendants as to the number of acres contained in the tract of land conveyed by Robinson to defendants. It is sufficient to say, first, that it does not appear very clearly how many acres are in the tract, whether there was any misstatement; second, it does not appear that defendants relied on the statement, as they sent Judge Keefe, their attorney, to examine the premises, which he did, and reported to them; and, third, it appears that the sole reason why the trade was not fully consummated was the refusal by Mrs. Farrington to execute a deed.

The plaintiffs undertook to furnish to defendants a purchaser, ready, able and willing to purchase. The defendants undertook to convey the premises to such purchaser so furnished. The sale was not effectuated by reason of defendants' inability to convey, not by reason of any fault

or failure of plaintiffs. They carried out their contract and are entitled to compensation. There is no controversy about the amount.

The judgment is affirmed.

*Affirmed.*