## J. G. Oldham v. Christopher L. Howser.

1. REAL ESTATE COMMISSIONS—*when broker entitled to.* Where a broker has been authorized to sell real estate and furnishes to the owner a customer ready, able and willing to complete the purchase, he is entitled to his commissions.

Action of assumpsit. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

RAY, DOBBINS & RILEY, for appellant.

MILLER & SPURGIN and JOHN J. REA, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant, a real estate broker, against appellee to recover a commission alleged to be due appellant. At the conclusion of all the evidence the court instructed the jury to find the issues for the defendant, and judgment was rendered against appellant on the verdict so returned.

The evidence introduced on behalf of appellant tended to show that on December 21, 1904, appellee listed his farm of 246 acres with appellant for sale at $165 per acre, a reasonable amount to be paid down and the balance to be paid March 1, 1905; that appellant was to be paid a commission of $1.00 per acre, and was to have 10 days in which to find a purchaser; that upon the following day, December 22, 1904, appellant procured John F. White and William Jones, who were ready, able and willing to purchase the land upon the prescribed terms; that appellant then introduced the intending purchasers to appellee and requested him to consummate the sale, but he declined and refused so to do. The evidence introduced on his behalf made a *prima facie* case for appellant and entitled him to recover the commission claimed. Monroe v. Snow, 131 Ill., 126; Scott v. Stuart, 115 Ill. App., 535; Whalen v. Gore, 116 Ill. App., 504; Lemon v. Carter, 116 Ill. App., 421.

Evidence was introduced on behalf of appellee contradictory of that offered on behalf of appellant, but it was not within the province of the trial court, acting upon a motion to direct a verdict, to weigh the evidence and determine the issue of fact involved. In Woodman v. Ill. Trust and Savings Bank, 211 Ill., 578, the court, in speaking of a motion to direct a verdict, stated the correct rule to have been announced in Frazer v. Howe, 106 Ill., 563, as follows: "It is not within the province of the judge, on such a motion, to weigh the evidence and ascertain where the preponderance is. This function is limited strictly to determining whether there is or is not evidence legally tending to prove the fact affirmed,—*i. e.,* evidence from which, if credited, it

may reasonably be inferred, in legal contemplation, the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence."

For error in giving the peremptory instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*