### Walter L. Caruthers v. E. H. Reesor.

1. FINDING OF COURT—*when not disturbed as against the evidence.* The finding of the court will not be disturbed where the evidence is in sharp and irreconcilable conflict and such finding cannot be said to be manifestly unwarranted by the evidence.

2. REAL ESTATE COMMISSION—*when broker entitled to.* A broker who has presented a purchaser ready, willing and financially able to make a purchase absolutely upon the terms authorized by the principal, is entitled to his commissions.

Assumpsit. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

E. ETTER, for appellant.

WILLIAM N. HAIRGROVE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon a trial by the Circuit Court, without a jury, appellee recovered a judgment against appellant for the sum of $36 claimed to be due to him as commissions on a sale of real estate. The defendant by this appeal seeks to reverse such judgment, and assigns and urges as error that the finding of the court was not warranted by the evidence and that the court erred in refusing to hold as applicable to the facts, the second proposition of law submitted by the appellant, which proposition reads as follows:

"The law is that a contract to sell land against which the vendee can successfully plead the statute of frauds is not a valid contract, for the procuring of which a broker, employed to sell the land, may claim commissions. In this case there was a verbal contract to sell the lands in question and no binding contract made by the vendee and offered to the vendor for the purchase, which in law was not sufficient to bind the vendor, either to convey the property or for a refusal to convey would make him liable for commissions to the agent."

The material facts involved seem to be the following: Appellant was the owner of certain real estate situated in Waverly, Illinois. About August 1, 1905, he employed appellee to find a purchaser for the same at the cash price of $1,800, for which services he was to receive a commission of two per cent. of the purchase price. Several months thereafter appellee secured a party who was ready, willing, and financially able to purchase the property at the price and upon the terms named; but appellant, when notified of such fact, declined to sell. The main controversy upon the facts was as to the time within which appellee was, under the terms of his employment, to find a purchaser. The only evidence as to the terms of the contract, which was oral, was the testimony of the parties themselves. Appellant testified that the time was limited to one month from the date of the em-

ployment, while appellee testified that the period was not limited. While the evidence is thus in sharp and irreconcilable conflict, the finding of the trial judge cannot be said to be manifestly unwarranted by the evidence. We are therefore not at liberty to disturb the same. "The finding of a judge to whom a cause is submitted for trial without a jury, is entitled to as much weight on controverted questions of fact, as the verdict of a jury, and will not be set aside by a court of review unless it is manifestly against the weight of the evidence." Haug v. Haug, 193 Ill. 645. If appellee's version of the contract be taken as the true one, he, in performance thereof, presented to appellant a purchaser who was ready, willing and financially able to make the purchase absolutely upon the terms authorized by his principal. He thereby became entitled to his commissions, notwithstanding the contract was in parol only. Scott v. Stuart, 115 Ill. App. 535; Whalen v. Gore, 116 Ill. App. 504. In the case of Wilson v. Mason, 158 Ill. 304, upon which appellant relies, the sale failed for the reason that the party produced by the broker refused to consummate the purchase whereby the owner, through no fault of his own, but because of the absence of an enforceable contract binding upon the purchaser, lost the benefit of the broker's services and hence was properly released from the payment of the commission. In the case at bar the sale failed through the refusal of appellant, the vendor, to sell. The Wilson case is thus distinguishable from the present one. and therefore inapplicable. Scott v. Stuart, *supra*. It follows that the ruling of the court upon the proposition in question was not erroneous.

The judgment will be affirmed.

*Affirmed.*