## W. G. Moore, Appellant, v. David J. Molloy Company, Appellee.

## Gen. No. 26,604.

1. CONTRACTS—*when evidence sufficient to support finding*. In an action to recover for material furnished and work done on an hour basis in constructing a machine, conflicting evidence of plaintiff and defendant as to the time consumed examined and *held* to support a judgment based on defendant's contention.

2. EVIDENCE—*admissibility of ledger entries as depending on production of original memoranda*. The rule that books showing entries and charges for time of workmen employed on a job are admissible in evidence although made from time slips of the workmen and copied into a ledger by the bookkeeper, is subject to the production of the slips.

3. EVIDENCE—*presumption of matter in written instrument unfavorable to party destroying it*. The rule that a presumption will arise that if the truth had appeared it would have been against the interests of a person proved to have destroyed a written instrument, and that his conduct is attributable to his knowledge of the circumstances, applied where a contractor, who had agreed to furnish defendant with weekly bills showing the time spent, destroyed the employee's time cards showing such time, after the bookkeeper had made entries in the ledger from such time cards.

Appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed November 1, 1921.

EDWARD L. ENGLAND, for appellant.

MATHIAS & SULLIVAN, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

Action was brought by plaintiff to recover $486.61, the amount claimed to be due to him for work and material claimed to have been furnished by plaintiff in the construction of a mechanical air-brush machine for

the defendant. The contract between the parties was contained in a letter from the plaintiff dated April 30, 1919, and a reply by the defendant dated May 1, 1919, which were based upon a prior interview between the parties. In the former letter plaintiff offered to do the work on a deposit of $75 being made by defendant and agreed to submit weekly bills for the purpose of keeping defendant posted as to the progress of the work and the expense incurred. In the latter letter the defendant accepted that proposition, inclosed its check for $75 as a deposit and stated that it expected the plaintiff to forward to it weekly bills with complete detail of the work done, so that defendant might be able to check up on the same. In a conversation between the parties the rate of payment for the work had been fixed at $1.25 per hour, so that it became important that an accurate record be kept of the time spent on the job.

It is urged by defendant that the bills rendered by plaintiff failed to show the details mentioned in the correspondence and were objected to on that account, as well as for the reason that they were exorbitant and that defendant had no means of ascertaining from these bills the number of men who had worked on the machine or how they could have been so employed for the number of hours claimed by plaintiff.

The evidence shows that it was the practice of plaintiff to furnish each of its employees with a time card to be filled out by him showing the time that he worked on each particular job; that at the close of the day these time tickets were put in a box and afterwards given to the bookkeeper to enter on the books of the company the charges therefor at the agreed rate. The books of plaintiff were produced and the entries shown and identified by the bookkeeper who made them, but the time cards were not produced, and the evidence shows that they had been destroyed by the plaintiff or his employees as soon as the ledger entries

had been made. Plaintiff relied entirely on his ledger to prove the time alleged to have been spent on the job.

Defendant claims that the destruction of the time tickets by the plaintiff raises the presumption that they would not have corroborated the book entries posted by the bookkeeper, especially in view of the fact that neither plaintiff nor his foremen could make any intelligible estimate as to the time expended upon the machine, and apparently were unable to account for more than 195 hours. In addition to the testimony of plaintiff and his employees upon the subject of the time spent on the job, an expert witness, who was a machinist of 30 years' experience, testified concerning the construction of each part of the machine and stated the number of hours reasonably required to do the work. The substance of his testimony was to the effect that the time reasonably required for the work was 196 hours. Plaintiff charged for 495 hours, as shown by his bills. Payments had been made by defendant amounting to $266.76 and suit was brought for the balance of $486.61. The case was tried by the court without a jury and a judgment entered for $238.17, from which the plaintiff has appealed.

In support of his appeal, plaintiff contends that the books showing entries and charges for time of workmen employed on the job were admissible in evidence, although made from time slips of the workmen and copied into a ledger by the bookkeeper. An examination of the authorities cited by appellant in support of this proposition in our opinion shows that they are not applicable to the case at bar. In *Chisholm v. Beaman Machine Co.*, 160 Ill. 101, a similar method of keeping accounts was involved and the book entries were admitted in evidence, but it should be observed that some five thousand of the time cards involved were brought into court from which the accuracy of the book entries could be determined.

In *Cooke v. People,* 231 Ill. 9, which involved the entry of deposits on certain bank records, the book entries were admitted in evidence, but the deposit slips on which they were based were produced. In *Pittsburgh, C., C. & St. L. Ry. Co. v. City of Chicago,* 242 Ill. 178, the original report slips showing the arrival and movement of cars had been destroyed but duplicate report slips were produced and identified and constituted a sufficient verification of the records. Without reviewing further the authorities cited by appellant, it is sufficient to state that in all the cases where book entries were admitted in evidence and were not the original sources of information, there was direct evidence as to the contents of memoranda on which the book entries were based.

It is the well-settled law of the State that when a person is proved to have destroyed any written instrument "a presumption will arise that if the truth had appeared it would have been against his interests, and that his conduct is attributable to his knowledge of the circumstances. The general rule is: *Omnia præsumuntur contra spoliatorem." Tanton v. Keller,* 167 Ill. 129; *Anderson v. Irwin,* 101 Ill. 411; *Hudson v. Hudson,* 287 Ill. 286.

It is also well settled that the finding of a judge to whom a cause is submitted for trial without a jury is entitled to the same weight on controverted questions of fact as the verdict of a jury, and will not be set aside by an appellate tribunal unless it is manifestly against the weight of the evidence (*Haug v. Haug,* 193 Ill. 645; *Rademacher v. Greenwood,* 114 Ill. App. 542), and that the finding of the judge trying the case without a jury, who saw the witnesses and heard them testify, is conclusive on all questions of fact if not manifestly against the weight of the evidence. *Paterson v. Whitney,* 67 Ill. App. 290.

We do not find that the conclusions of the trial court were manifestly against the weight of the evidence,

and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.