**Leon Ogent, Plaintiff in Error, v. Louis Beasley and Edward C. Zulley, Defendants in Error.**

Opinion filed March 6, 1936.

HAROLD J. BANDY, of Granite City, for plaintiff in error.

LOUIS BEASLEY and EDWARD C. ZULLEY, of East St. Louis, *pro se.*

MR. JUSTICE STONE delivered the opinion of the court.

This writ of error is prosecuted to reverse a decree of the city court of East St. Louis rendered in favor of appellees and against appellant.

The bill alleges that at the March term, 1933, of said city court, appellees recovered a judgment against ap-

pellant in the sum of $3,250 and costs of court; that said judgment was obtained through fraud and circumvention; that the fraud consists in this: That after appellant was served with summons in the said cause, one of appellees, Edward C. Zulley, conferred with appellant and informed him that said action in law against him would be dismissed; that he would not be required to plead or in any way answer said declaration; that appellant was not in any way indebted to the said appellees; that on the contrary appellee, Edward C. Zulley, was indebted to appellant; that appellant believed the representations of said Zulley, followed his advice, filed no answer therein and made no defense thereto; that the appellant was lulled into a feeling of security by said representations; but that appellees notwithstanding said representations took judgment in said court by default in the sum of $3,250, on the 6th day of April, 1933, without the knowledge or consent of appellant; that appellees afterwards caused an execution to be issued on said judgment and the same to be served upon appellant.

Said bill further alleges that at the time of the rendering of the said judgment, appellant was in no way indebted to appellees, but that on the contrary appellee, Zulley, was indebted to appellant in the sum of $1,300 for borrowed money. Said bill then alleges a number of items of service which appellees as attorneys at law performed for appellant and the fees charged therefor. It then alleges that said judgment was erroneous, was obtained by fraud and misrepresentation as above set forth, and also by mistake of fact; that the same ought to be reviewed, reversed and set aside. Said bill further calls for an accounting from said appellees with appellant. It is verified on information and belief and waives answer under oath.

Appellees filed their joint and several answer to said bill of complaint, but not being under oath. Said an-

swer admits the obtaining of the judgment, denies the conversation set up in the bill between appellant and appellee, Zulley, *in toto,* but states upon the contrary that said Zulley when he was approached by appellant advised him to hire a lawyer without delay; that thereupon appellant stated he would get Mr. Lindauer to look after the case; that that was all the conversation had between the said appellant and appellee, Zulley, and that afterwards the name of Lindauer was placed on the records as attorney representing appellant.

The answer further denies that the appellant believed any of the said alleged representations of the said Zulley, or had confidence in said defendant or said alleged representations, or that he followed the advice of the said Zulley to pay no attention to said action at law or to file no answer or to make no defense; that said representations by appellant are wholly false and untrue. Said answer further denies that the complainant was in any manner lulled into a feeling of security by said representations of the said Zulley for the reason that no such representations were made. It further alleges that appellant had sufficient time in which to employ counsel and file his pleas in said cause if he saw fit; that on April 6, 1933, there being no plea on file, appellees appeared before the city court, proved their demand and obtained the aforesaid judgment; that said amount was justly due to them. Appellees deny that said judgment was entered without a knowledge or consent of the appellant, but allege that on the contrary appellant before the March term of court had expired informed appellees that he would like to effect a settlement of said judgment and to pay the same, but was unable to do so because of his trouble with the State's attorney of St. Clair county, who had obtained a bond forfeiture of $5,000 against appellant as surety in a criminal case; that his properties were tied up, but that he believed he would be

able to adjust his difficulties and that if appellees would wait a while he would raise a sufficient amount of money to pay said judgment; that said appellees waited until the 9th day of August, 1933, and having learned in the meantime that appellant had conveyed all his property and real estate to some other person in his attempt to place the same beyond the reach of the process of the court, and having learned further that the State's attorney of St. Clair county had taken steps to set aside said conveyances as fraudulent, appellees caused an execution to be issued on said judgment.

The answer further denies that appellant is not indebted to appellees in the sum of $3,250, but on the contrary say that he is so indebted to them in the full amount of said judgment together with costs of suit. The answer denies the borrowing of the $1,300 by Zulley from appellant. Said answer then admits a number of services performed by appellees for appellant and sets up a certain amount for such services respectively as make up the sum of $2,420, and allege that appellees performed a number of other services for appellant, all of which amount to the amount of the judgment. Appellees deny in their answer that any fraud was practiced upon appellant or that the judgment was obtained through fraud.

On the 17th day of November, 1933, the trial court entered a rule on appellant to file replication to the above and foregoing answer within 10 days. Appellant did not comply with the rule and said cause was called for hearing on the 13th day of December, 1933, on bill and answer, at which time the trial court dismissed the bill of complaint for want of equity and decreed that appellant pay the costs in the case.

Appellant afterwards, in December 1934, filed his motion to set aside and vacate said decree on the ground that said decree does not constitute a decree;

that there was no hearing upon the merits of the case; that complainant was given no notice of the hearing of said cause; that the allegations of the bill of complaint are untrue; that said bill could not be dismissed for want of equity because of the failure of complainant to file a replication; that the answer of defendant could not be taken as true under the circumstances. To this motion appellant attached his affidavit which in large measure denies the truth of the matters and things alleged in appellees' answer; and alleges appellees' charges are exorbitant, unreasonable and unjust. Defendants moved to strike this motion and upon hearing by the court, said motion to strike was allowed.

Appellant contends that the trial court had no authority under the statute to render the decree in question on bill and answer. The applicable statute is as follows:

"After replication is filed, the cause shall be deemed at issue and stand for hearing, or in default of filing such replication, the cause may be set for hearing upon the bill and answer; in which case the answer shall be taken as true, and no evidence shall be received, unless it be a matter of record to which the answer refers."

Our Supreme Court has interpreted this statute as the trial court did. When no replication is filed and the hearing is on bill and answer alone, the answer is to be taken as true. *Headen v. Cohn,* 292 Ill. 210; *Roach v. Glos,* 181 Ill. 440; *Sheahan v. Madigan,* 275 Ill. 372. These cases seem to make no distinction between an answer under oath and an answer not under oath where answer under oath is waived. In our judgment the trial court properly applied the above rule. Not only was there no replication filed to appellee's answer, but appellant refused to file one after specific order of court to do so. Under these circumstances appellees had a right to demand of the court that it

follow the law and render its decree,—assuming the matters alleged in the answer to be true. That portion of the statute which provides ''No evidence shall be received unless it be matter of record to which the answer refers'' creates a right in the court to receive that character of evidence, but not an obligation. It creates an exception to that part of the above section which provides that ''the answer shall be taken as true,'' and gives the power to the court to hear that character of evidence, should it, in its discretion, deem it advisable.

In December, 1934, a year after the decree in this cause was rendered, appellant moved to vacate and set it aside. Attached to said motion is an affidavit of appellant which recites substantially that the matters charged in his bill are true. Just why he did not set these matters up by replication, within the court's rule, we are not advised. If this had been done it would have entitled him to a hearing which he now complains he did not have. Several terms of court may have opened and closed between the time of the decree and the motion to vacate it. But regardless of that, and regardless of the question of the court's right to vacate and set aside a decree on motion, the trial court was warranted in striking this motion on the theory that it came too late.

We find no reversible error in this record. The decree is affirmed.

*Decree affirmed.*