Margaret Harned, Appellee, v. William Tippett, Appellant.

Opinion filed November 8, 1939.
Rehearing denied December 15, 1939.

Pope & Driemeyer, of East St. Louis, for appellant.

John M. Karns and Harold J. Bandy, both of East St. Louis, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

Margaret Harned, plaintiff appellee, brought suit in the city court of East St. Louis agianst William Tippett, defendant appellant, charging in two counts that while she was riding as a guest in the said appellant's automobile he was guilty of wanton and wilful misconduct which resulted in serious bodily injury to her. The complaint charges among other things that the appellant deliberately, wilfully and wantonly drove his automobile at a high rate of speed, to wit, the speed of 60 miles an hour, without exercising any regard for plaintiff's safety and without keeping the automobile under such reasonable control that he could stop or turn the same to avoid colliding with other vehicles, and that the injury by which appellee was damaged was the result of the defendant's wilful and wanton conduct in so driving and in refusing to listen to her protestations and in refusing to give due regard for the traffic and the right of the way at the time and place of the collision. The allegations of the petition were denied by the appellant. A trial was had by a jury which resulted in a verdict and judgment in favor of plaintiff in the sum of $4,850. Motion for new trial and

for judgment notwithstanding the verdict were denied by the trial court and appellant has appealed here, and he assigns as errors that the court refused to give judgment notwithstanding the verdict, that the verdict and judgment are contrary to the law and the evidence, the court erred in overruling defendant's motion for a new trial and in giving certain instructions; also it is claimed that the court erred in admitting improper testimony as to damages, but that assignment not having been argued, it is held to be waived.

While this appeal was pending a petition was presented to one of the judges in vacation, suggesting that Margaret Harned, plaintiff appellee, had died, and asking that Max Harned, her administrator be substituted as plaintiff appellee in her stead. This motion was allowed and the substitution was made.

As we view this record the matter presented was a pure question of fact for the jury, whether defendant appellant's conduct was such as to amount to wanton and wilful conduct within the meaning of the law. A jury found that it was. It is very earnestly argued that such finding was wrong, that it was against the manifest weight of the evidence, and that the court should have held as a matter of law that defendant appellant was not guilty of wilful and wanton conduct.

The jury had evidence submitted to it that the car in which both parties were riding approached a paved overhead viaduct, that on either side of said viaduct was a factory; that a large number of cars were parked on the west side thereof, the car in which the parties were riding traveling south; that just at the north entrance to this viaduct there was a side road leading to one or both of the factories, that as the defendant appellant drove his car into this situation, two trucks were coming towards him on the opposite side of the slab. These trucks and defendant appellant's car were to meet, obviously, very close to the north entrance to the factory. One of the cars did turn into the side road. The

other first started to turn to the left, and at this time defendant appellant's car was about 75 yards therefrom; it started to turn to the right around the first truck and instead of going on, suddenly turned to the left across the line in which defendant appellant was driving his car. Plaintiff appellee remonstrated with defendant about the manner in which he was driving. She says he was driving at the rate of 60 miles an hour. Defendant denied this and placed it at 45, and other witnesses placed the rate of speed of defendant appellant's car at 45 miles an hour. Defendant himself said that he made no effort to stop; although his brakes were in good shape he did not use them. Plaintiff appellee called out to him and warned him of the danger, so she says, and he laughed at her and proceeded on at the same rate of speed. It is obvious that the place was a place of danger. It is equally obvious that defendant appellant acted without regard to consequences.

Under this state of facts we are asked to hold, and the trial court is criticized for not holding, as a matter of law, that defendant appellant was not guilty of wilful and wanton conduct.

It is not always easy to differentiate between what is negligence and what is wilful and wanton conduct, but here was obviously a place of danger; the very circumstance made it so. Any careful driver approaching the situation which this car approached would have made some effort to have it under control so as to meet whatever circumstance happened. This defendant made no such effort. On the contrary the evidence shows he laughed at the protestations of the plaintiff appellee. The presence of those two trucks in the place they were, in our judgment, would put any reasonable driver on notice of danger.

It is said that there was no time to stop, and that there should be taken into consideration defendant appellant's reaction to the situation. There is not much to base his reaction upon, because the evidence shows

he made no effort. He should have been driving his car, under the circumstances, at a rate of speed and under such control, as that his reaction or his reaction time would not have been important.

We cannot say that the court erred in its denial of the peremptory instruction or in its denial of the motion for judgment notwithstanding the verdict. Neither can we say that the verdict is against the manifest weight of the evidence.

The instructions complained of we have already approved in *Burke v. Molloy,* 294 Ill. App. 442. We see no reason for changing our mind as to these instructions in this case. The judgment of the city court is affirmed.

*Judgment affirmed.*