Carl F. Meyer, Appellee, v. B. L. Hendrix, Appellant.

Heard in this court at the February term, 1941. Opinion filed October 27, 1941. Rehearing denied November 27, 1941.

WILBOURN & TWENTE and DONALD A. MILLER, all of Cairo, for appellant.

G. GALE ROBERSON, of Chicago, and DEWEY & CUMMINS, of Cairo, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

On July 28, 1938, a judgment in this case was entered by confession by the circuit court of Pulaski county, in favor of Carl F. Meyer, appellee (hereinafter designated as plaintiff) and against B. L. Hendrix, appellant (hereinafter designated as defendant) in the sum of $2,467.38 and costs. This represented a bal-

ance of principal in the sum of $1,524.60, plus interest and attorney's fees remaining unpaid on a certain promissory note in the principal amount of $6,000 dated November 12, 1926, signed by defendant, and payable to the order of Agnes E. Meyer, guardian for Carl F. Meyer, plaintiff. Agnes E. Meyer was the mother of plaintiff and sometime prior to the entry of the judgment had endorsed the note to plaintiff.

On September 19, 1938, defendant filed his petition in the lower court for leave to appear and defend, and pursuant to stipulation between the parties, the court opened up the judgment, gave defendant leave to appear and defend and allow defendant's petition to stand as an answer to the complaint. Defendant in his answer alleged want of consideration, fraud in obtaining the signature of defendant, in that the original payee, Agnes E. Meyer fraudulently represented that there was due a balance of $6,000 upon a previous obligation between the parties, and overpayment in the sum of $6,841.03. The case was tried by the court without a jury, upon complaint and answer. The issues were found for the plaintiff and the judgment entered by confession on July 28, 1938 was confirmed, from which judgment defendant prosecutes his appeal to this court.

Of the eight errors relied upon for reversal by defendant, only two are argued in his brief. It is a well-established rule of law that alleged errors which have been assigned but not argued by an appellant are deemed to have been waived and abandoned. *People v. Mahoney,* 361 Ill. 202; *People v. Reilly,* 348 Ill. 153; *People v. Cobb,* 343 Ill. 78; *Harned v. Tippett,* 302 Ill. App. 258; *Starr v. Rossin,* 302 Ill. App. 325. Of the two assignments of error which were argued, one was that the trial court erred in not finding that by failing to reply to defendant's affirmative defense of fraud and payment of the original indebtedness, plaintiff admitted said defense and therefore, the same was a com-

plete bar to plaintiff's suit, and by reason thereof the court erred in not rendering judgment against plaintiff.

The issues were presented to the court on complaint and answer. Affirmatively the defense of want of consideration and fraud, and overpayment were set up as new matter in the answer and no reply thereto filed. During the course of the trial some objection was made to the introduction of certain evidence, as not conforming to the pleading. But in spite of this, defendant presented evidence in support of his answer, particularly on the questions of want of consideration and overpayment. We find no evidence of fraud in the record. By his active participation in the trial and to its conclusion, we are of the opinion defendant waived the filing of a reply. *Jones v. Neely,* 72 Ill. 449; *Marple v. Scott,* 41 Ill. 50; *Robinson v. Miller,* 317 Ill. 501; *Keightley v. Glass,* 275 Ill. 149; *Guerin v. Guerin,* 270 Ill. 239; *Piot v. Davis,* 241 Ill. 434; *Watt v. Cecil,* 368 Ill. 510; *Engelking v. Springfield Brewing Co.,* 299 Ill. App. 626 (Abst.).

In the recent case of *Engelking v. Springfield Brewing Co., supra,* where this question was raised, the court said: ''The appellant further contends that because no reply was filed to the answer the defenses of want of consideration, lack of authority of the husband of the appellee, as a corporation officer, to execute the note, and the satisfaction of the debt between the husband and appellant corporation must be deemed to be admitted. Under the Civil Practice Act of Illinois, Ill. Rev. Stat. 1937, ch. 110, sec. 164 [Jones Ill. Stats. Ann. 104.040], it is provided: '(2) Every allegation, except allegations of damages, not explicitly denied shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief, and shall attach an affidavit of the truth of such statement of want of knowledge, or unless the party has had no opportunity to deny.'

"Under the old Chancery Act it was held that when no replication was filed and the cause was tried upon bill and answer, an affirmative defense set up in the answer must be taken as true where no testimony was taken on that issue. *Watt v. Cecil*, 368 Ill. 510. In *Ogent v. Beasley*, 284 Ill. App. 363, where the Plaintiff was ordered to file replication to the answer and he failed to do so and went to trial on bill and answer the same rule was announced. It is a familiar rule that pleadings shall be liberally construed with a view to doing substantial justice between the parties. In the present case testimony was taken on the issues raised by the affirmative defenses in the answer, both by way of stipulation as well as by oral and documentary proof. We believe, therefore, that the strict rule of admitting the subject matter of the affirmative defenses in the answer should not be applied in this case."

The other assignment of error argued by defendant is that the finding of the court was contrary to the manifest weight of the evidence. It appears that the business relations of defendant and the original payee under the note began in 1917 and the note upon which suit was brought was given in compromise of an alleged balance due from previous transactions.

One of the issues of fact involved the question of whether a sum of $8,000 advanced defendant in 1917 by Rev. Francis J. Tecklenburg, who had secured said sum from Agnes E. Meyer, was a loan or an investment in a new business enterprise, which defendant organized at that time. It was the theory of defendant that the above sum represented a loan and that if all the payments made by defendant to Rev. Tecklenburg and Mrs. Meyer since 1917 were to be credited against this amount, the result would show a payment in full of the $8,000 plus accrued interest thereon and an overpayment of $6,841.03.

Another issue of fact was whether defendant had entered into a settlement on or about June 26, 1924 with Agnes E. Meyer and Rev. Tecklenburg whereby the claims of Mrs. Meyer and Rev. Tecklenburg against defendant to participate in the profits of the Hendrix Mill and Lumber Co., operated by defendant, were settled and compromised. The testimony of Rev. Tecklenburg and defendant Hendrix are in more or less direct conflict on these propositions. As stated previously we find no evidence of fraud in the record, on the part of Mrs. Meyer in procuring defendant's signature to the note sued upon. It will serve no useful purpose to discuss this evidence in detail. These controverted questions were primarily questions of fact for the trial judge, sitting as a trier of fact, in the absence of a jury. The finding of the trial court on the controverted facts is entitled to the same weight as the verdict of a jury. *Moore v. David J. Molloy Co.*, 222 Ill. App. 295. The judgment of that court who saw the witnesses and heard them testify is conclusive on all questions of fact, if not manifestly against the weight of the evidence. *Paterson v. Whitney*, 67 Ill. App. 290; *Shapleigh Hardware Co. v. Enterprise Foundry Co.*, 305 Ill. App. 180, 27 N. E. (2d) 1012. We do not believe that the finding of the court in this case was contrary to the manifest weight of the evidence. Finding no reversible error, the judgment of the lower court will be affirmed.

*Affirmed.*