Northern Trust Company et al., Appellees, v. Anna M. McEldowney et al., Defendants. John W. Fling, Jr., Appellant. Harry C. Cox et al., Appellants.

Gen. No. 39,225.

Heard in the third division of this court for the first district at the December term, 1936. Opinion filed June 30, 1937.

MONTGOMERY, HART, PRITCHARD & HERRIOTT, of Chicago, for appellants; L. EDWARD HART, JR., of counsel.

TOPLIFF & HORWEEN, of Chicago, for appellees; SAMUEL TOPLIFF and HUBERT C. MERRICK, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

The plaintiff as testamentary trustee and as trustee under a certain trust deed commenced an action to foreclose a trust deed which had been given to secure a principal note for $33,000 executed by Anna M. McEldowney and Walter T. McEldowney. The trust deed given to secure this principal note was executed by Anna M. McEldowney, Walter T. McEldowney and Emma J. Cox, a spinster, and was dated February 20, 1915.

After a hearing in the circuit court a decree was entered against the defendants for the sum of $45,977.16 with interest at five per cent per annum, decreeing the sale of the premises conveyed by the said trust deed in satisfaction of the indebtedness found to be due upon the trial of the cause.

Plaintiffs filed their complaint on February 1, 1935, naming as one of the defendants John W. Fling, Jr., as trustee under the will of Emma J. Cox, deceased.

On May 15, 1935, the said John W. Fling, Jr., together with other defendants named in the complaint, was defaulted for want of an answer and the cause was referred to a master.

On June 7, 1935, Harry C. Cox, Emma Lucinda Rutledge, India Elizabeth Babb, Harriet Webster Nelson, Jerry Cortez Cox and Maxine Brown, all heirs at law of Emma J. Cox, deceased, theretofore sued as unknown owners, came into court, disclosed their identity and asked leave to intervene to protect their interests in the premises sought to be foreclosed. On said day leave was granted to them to intervene and answer the complaint without prejudice to the proceedings that had already been taken.

Subsequently, on June 26, 1936, by stipulation between the plaintiffs and the said John W. Fling, Jr., as trustee aforesaid, the order of default entered on May 15, 1935, defaulting the said John W. Fling, Jr., was vacated and set aside without prejudice to the proceedings theretofore had and the said Fling was given time within which to answer the complaint. Answers were filed thereafter by the interveners and the said John W. Fling, Jr., as trustee under the will of Emma J. Cox, deceased.

The answer of the interveners put in issue the sufficiency of the premises to satisfy the indebtedness, the question as to whether or not the lien of the trust deed has been discharged by operation of law, and the question as to whether or not the plaintiff's right of action is barred by the statute of limitations.

The answer of John W. Fling, Jr. puts in issue the first two questions raised by the answer of the interveners, but does not raise the issue in reference to the statute of limitations.

Each answer makes a prayer for affirmative relief and asks the court to discharge that portion of the lien of the trust deed as to the undivided one-third interest in the premises sought to be foreclosed, owned by the interveners as heirs at law of Emma J. Cox, deceased, or by the said John W. Fling, Jr. as trustee under her last will and testament, and for an accounting of one-third of the rents, issues and profits collected by the plaintiffs in accordance with an alleged assignment.

Plaintiffs contend that the trust deed executed by Emma J. Cox contained an absolute promise to pay the indebtedness evidenced by the principal promissory note, together with all interest thereon and charges in accordance with the covenants of the trust deed; that this absolute promise was a primary obligation of the said Emma J. Cox and bound her as principal obligor of the indebtedness evidenced by the principal note, and so binds all those who claim privity in the mortgaged premises through her. Further, that legal title to the undivided one-third interest in the mortgaged premises formerly owned by Mrs. Cox was, at the time of the filing of the complaint, vested in John W. Fling, Jr. as her testamentary trustee; that in consequence thereof the claims of the interveners and the defendant, John W. Fling, Jr., are subject to and subordinate to the lien of the trust deed dated February 20, 1915, and that plaintiffs are therefore entitled to a decree of foreclosure and sale of the said premises in satisfaction of the indebtedness due upon the principal note, together with interest and the charges in accordance with the covenants of the said trust deed.

Defendants contend that the fact that the said Emma J. Cox executed a trust deed but did not execute the principal note or any of the interest coupon notes constituted her a surety for the obligors upon the principal promissory note and interest coupon notes, of, to wit, Anna M. McEldowney and Walter T. McEldowney;

that the covenants in the trust deed promising to pay the indebtedness had no other effect than pledging the entire assets of the said Emma J. Cox as surety for this indebtedness rather than the single asset, to wit, the property conveyed by the trust deed. Further, that in view of the fact that the maturity of the principal note was extended three times, that the obligation of the said Emma J. Cox was thereby discharged, in that her testamentary trustee or her heirs at law did not assent to the last of the said extensions, and it is further contended on behalf of the interveners that the assent of the testamentary trustee to the first two extensions was irregular and not binding and that the lien of the said trust deed upon the undivided one-third interest in the premises sought to be foreclosed, originally owned by the said Emma J. Cox, is discharged and void.

Defendant further contends that the interveners, being all the heirs at law of the said Emma J. Cox, deceased, were the owners of legal and equitable title to an undivided one-third interest in the premises sought to be foreclosed and therefore necessary parties to this action; that John W. Fling, Jr., as testamentary trustee of Emma J. Cox, was authorized, by the will, on the performance of certain conditions, to assent to an extension of the indebtedness evidenced by the principal promissory note for a period of five years from the date it was due by its terms, to wit, February 20, 1920; that the conditions under which the assent to the extension was to be given were that the makers of the notes, to-wit, Anna M. McEldowney and Walter T. McEldowney, must first give security to said Fling, Jr. before assenting to the extension; that the conditions were not performed and, even though the trustee assented, it was not binding upon them; that they did not become parties to the foreclosure action until more than 10 years after February 20, 1925, having become parties thereto on June 7, 1935, hence the statute of limitations bars

plaintiffs from any right of action against the interveners and consequently plaintiffs are not entitled to the remedy sought in their complaint and that the bill as to them should have been dismissed.

There is no controversy over the pleadings nor is there any dispute as to the facts, and but two points of law are raised by the defendants, appellants here. The first is that where a mortgage or trust deed is given to secure the debt of another, as well as containing an agreement and covenant to see that the debt is paid, the mortgagor assumes the liability of a surety, and any change in the form of the debt or the terms of the payment not assented to by the mortgagor, or those claiming under said mortgage, will discharge the mortgage.

The second point raised is that the statute of limitations (Ill. State Bar Stats. 1935, ch. 83, ¶ 11; Jones Ill. Stats. Ann. 107.269; Smith-Hurd's Revised Statutes, ch. 83, sec. 11) had run upon the cause of action sued upon prior to the time that the heirs at law of Emma J. Cox became parties thereto, and that plaintiffs' remedy is barred thereby.

The evidence discloses that on February 20, 1915, Anna M. McEldowney and Walter T. McEldowney executed one principal promissory note bearing said date in the sum of $33,000, payable five years after date thereof and bearing interest at the rate of 5½ per cent per annum until maturity; that the instalments of interest were evidenced by 10 interest coupon notes; that both principal note and interest coupon notes were to bear interest after maturity at the rate of 7 per cent per annum; that to secure said note the said Anna M. McEldowney, Walter McEldowney and Emma J. Cox, a widow, delivered a certain trust indenture dated February 25, 1915, conveying:

"Lot seventeen (17) in Block sixty-nine (69) of the Original Town of Chicago."

The evidence further shows that by the terms of said trust deed the makers thereof, covenanted among other things, as follows:

"And the said party of the first part covenant and agree that they will pay the note and coupons hereby secured and all expenses of this trust and will . . . pay all taxes and assessments on said premises . . . until the indebtedness aforesaid shall be fully paid. . . ."

At the time of the execution of the principal note and trust deed Anna M. McEldowney and Walter T. McEldowney owned an undivided two-thirds interest in said property and Emma J. Cox, a widow owned the remaining undivided one-third interest.

The evidence further shows that Emma J. Cox died during the year 1919, and John W. Fling, Jr., was named as executor and trustee under her will which was duly admitted to probate in the county court of Stark county, Illinois; that John W. Fling, Jr., duly qualified as executor and trustee and became vested as trustee with an undivided one-third interest in the said premises.

The evidence further shows that Emma J. Cox in and by her will directed and authorized her trustee to extend the loan secured by the aforesaid trust deed for a period of five years from the date of maturity thereof, making the maturity date as of February 20, 1925; that on February 11, 1920, an extension agreement was made by and between Anna M. McEldowney, Walter T. McEldowney and John W. Fling, Jr. and the Northern Trust Company, extending the time of payment of the principal note until February 20, 1925, with interest thereon at the rate of 6 per cent per annum, evidenced by 10 extension coupon notes of even date therewith and that said extension agreement was filed for record; that the 10 extension interest coupons were all duly paid and canceled prior to February 20, 1925.

The evidence further shows that the second extension agreement dated December 31, 1924, extending the principal note for five years in the sum of $33,000, due February 20, 1925, as previously extended, to February, 1930, with interest at 6 per cent per annum, executed by Anna M. McEldowney, Walter T. McEldowney and John W. Fling, Jr. and the Northern Trust Company. Interest on said note was evidenced by 10 interest coupon notes and said extension was duly filed for record in the office of the recorder of Cook county. Said extension agreements bore the notation:

"John W. Fling, Jr. executes this instrument as Trustee only and does so for the purpose of showing his assent as Trustee under the Will of Emma J. Cox to the extension herein provided."

The evidence further shows that the 10 interest coupon notes were each duly paid and canceled on or prior to February 20, 1930; that on the 24th day of February, 1930, a third extension agreement was entered into by and between the Northern Trust Company and Anna M. McEldowney, extending the principal promissory note for another five years or until February 20, 1935, with interest thereon at 6 per cent per annum, with the additional provision that one of the makers of said note, the said Anna M. McEldowney, should have the option to pay the entire loan on any interest note on thirty days' notice with an advance interest at 1 per cent per annum to maturity; that the extension interest coupons 1 to 7 were duly paid and canceled and that interest coupons 8 and 9 having matured were presented for payment, but were not paid, which default continued thereafter.

The evidence further shows that on the first day of February, 1935, suit was commenced.

It is contended by defendants that Mrs. Cox, in signing the trust deed, acted in law as surety on the note of her sister and brother—the McEldowneys. We do not

think the evidence bears out this position. A controversy existed among the owners of this property, leading to a partition suit, where it became necessary in the opinion of all persons involved, to purchase a one-third interest which would be beneficial to all. In order to do this it was necessary to borrow $33,000. The McEldowneys took the title to the one-third interest which they purchased and Mrs. Cox, the other sister, signed the trust deed, by which she agreed:

"And the said party of the first part covenant and agree that they will pay the note and coupons hereby secured and all expenses of this trust . . . and will . . . pay all taxes and assessments on said premises . . . until the indebtedness is fully paid." What does that clause mean if it is not that she is bound as principal to carry out the agreement which she made? It was a primary agreement and not a collateral one; and when she conveyed her property to the trustee there is no doubt she intended that the property should be held by the trustee until the debt was paid, and upon their failure to keep the agreement; plaintiffs had the right to enforce the terms of this trust deed as against this property.

It is next contended by defendants that this action is barred by the statute of limitations and they rely upon ch. 83, sec. 11, Smith-Hurd's Statutes, 1935, which provides as follows:

"11. MORTGAGE—WHEN FORECLOSED.) § 11. No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues." Ill. State Bar Stats. 1935, ch. 83, ¶ 11; Jones Ill. Stats. Ann. 107.269.

The facts as to the dates do not justify defendants' position. The original principal note was made on February 20, 1915, for a period of five years and it is

admitted by defendants that the agreement with the trustee for a five-year extension, according to the terms of Mrs. Cox's will, would extend payment of the note until February 20, 1925. This suit was commenced on February 1, 1935, 20 days prior to the expiration of the 10-year term fixed by the statute within which time suit may be brought, therefore the suit was brought within the 10-year period as provided by statute. While we think the payment and the acceptance of interest thereafter stopped the running of the statute, yet, according to defendant, the commencing of the suit made all the parties defendants, both known and unknown owners in compliance with the statute and the contention of the defendants that the interveners did not come in until after the 10-year period is of no consequence as the suit was commenced in apt time. But, in addition to this, the rule is that a mortgage is not barred until the debt is barred. As the Supreme Court said in the case of *Kraft v. Holzmann*, 206 Ill. 548, at page 549:

"We have repeatedly held in such cases, that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation Act must be construed in connection with section 16, applicable to promissory notes, and that the mortgage will not be barred until the debt is barred. (*Emory v. Keighan*, 88 Ill. 482; *Schifferstein v. Allison*, 123 id. 662; *Hibernian Banking Ass'n v. Commercial Nat. Bank*, 157 id. 524; *Aetna Life Ins. Co. v. McNeely*, 166 id. 540; *Richey v. Sinclair*, 167 id. 184; *Wellman v. Miner*, 179 id. 326; *Murray v. Emery*, 187 id. 408.)"

In the intervening petition filed by the heirs of Emma J. Cox, they apparently take the position that in some way they have a greater right than their ancestor from whom they received title to this property. Manifestly, if their ancestor could not have slandered or libeled the right, title and interest which she conveyed to the plaintiff, the successors to her interest may not do so. Their

ancestor having by deed caused the plaintiffs or their *cestui que* to part with their money, such ancestor or her successor heirs or privies would be estopped from thereafter taking a different position and claiming that they did not intend the deed to be what it plainly is, a conveyance of real estate with a covenant to defend the title thereto, to be held in trust as security for a debt which they have, as primary parties, agreed to pay.

As was said in *Biwer v. Martin,* 294 Ill. 488, at page 497:

"Since the grantor and his heirs and assigns are not permitted to deny the title which the grantor by his deed conveys but must defend the same, it would seem by all equitable principles that he or they should not be allowed to breach by his or their act the covenants of warranty contained in such deed."

We do not think it of any consequence whether the will of Emma J. Cox by its terms attempted to limit the time of extension of the note and mortgage. She owed the money and her liability could not be changed by any *ex parte* language in her will without notice to and agreement by plaintiffs. The note in this case having been sold to the Visiting Nurses' Association as an investment, before maturity for value, it would be inequitable to favorably consider the application of defendants or the equitable prayer in their answer, when they themselves have made no effort to do equity. Even assuming for the sake of argument that they should be released from their obligation to pay the debt represented by the note and interest, yet the fact remains that many hundreds of dollars in taxes and special assessments were advanced by the owners of these notes to protect the title to the property, which defendants have failed to do. In the answer and cross petition of the defendants for affirmative relief no offer or tender is made to pay back these sums of

money which were advanced by plaintiffs to protect the title to what defendants claim as their property.

We are of the opinion that the position of defendants is inequitable and cannot be sustained as to their defense of nonliability, but, in addition to this, their prayer for affirmative relief as to the note is not supported by the facts and law. The prayer of the defendants to have this trust deed removed as a cloud upon the title to the property herein involved cannot be granted.

For the reasons herein given the decree of the circuit court is affirmed.

*Decree affirmed.*

HEBEL and HALL, JJ., concur.