Margaret Meyer, Appellee, v. Louise Nordmeyer et al., Appellants. L. J. Meyer et al., Counterclaimants.

Gen. No. 10,111.

Opinion filed May 26, 1947. Rehearing denied October 7, 1947. Released for publication October 8, 1947.

E. J. LaMarre, of Kankakee, for appellants.

Eva L. Minor, of Kankakee, for certain appellants.

T. R. Johnston, of Kankakee, for appellee.

Mr. Justice Bristow delivered the opinion of the court.

This is an appeal by two groups of defendants with adverse interests from a decree of foreclosure and certain findings and orders with reference to two promissory notes of the circuit court of Kankakee county.

Plaintiff Margaret Meyer filed a complaint on June 28, 1940 to foreclose a mortgage securing a note executed by Frederick Nordmeyer on March 3, 1905, payable to himself, and due March 3, 1910, which he indorsed and delivered to Eliza Benjamin, and which came into the possession of plaintiff by negotiation prior to maturity. Nineteen separate interest payments were indorsed on the note, beginning in 1906, and ending in 1931.

Inasmuch as Frederick Nordmeyer had died intestate in 1932, his wife, Louise Nordmeyer, and the heirs-at-law of Frederick Nordmeyer were made parties to that proceeding. No answers were filed by any of the defendants, and a foreclosure decree was entered on November 16, 1944. On December 11, 1944, however, certain heirs of Frederick Nordmeyer asked that the decree be vacated and leave given them to plead. Plaintiff agreed, and inasmuch as Louise Nordmeyer had died since the commencement of the proceedings, her heirs-at-law, L. J. Meyer and Lewis Radeke, brother and nephew respectively, were added as parties by an amended complaint.

These heirs-at-law of Louise Nordmeyer filed a counterclaim in the foreclosure proceeding, whereby they sought to recover from the proceeds of the foreclosure sale the amount due on a $15,000 note executed by Frederick and Louise Nordmeyer, payable to Louise Nordmeyer and secured by a second mortgage on the property in controversy. The note and mortgage were indorsed by Louise Nordmeyer and allegedly delivered to the counterclaimants.

The defendant heirs-at-law of two of the four deceased brothers of Frederick Nordmeyer, hereinafter referred to as the Nordmeyer heirs, contest the validity of both of the notes and the mortgages. They contend that the $8,500 note held by the plaintiff was barred by the statute of limitations, and that the $15,000 note held by the counterclaimants was without consideration, and that since the counterclaimants were not holders in due course they were not entitled to recover thereon.

The trial judge found that the $8,500 note was not barred by the statute of limitations and that there was due thereon the sum of $14,826.60. A decree was entered foreclosing the trust deed securing the $8,500 note, and the property was sold pursuant thereto for $26,000. The court, however, dismissed the counterclaim on the ground that the $15,000 was without consideration.

From this decree the defendant Nordmeyer heirs are appealing with reference to the findings respecting the $8,500 note, and the counterclaimants, are appealing from the findings respecting the $15,000 note.

In reviewing this cause, this court will determine first whether the statute of limitations barred the $8,500 note, and, secondly, whether the $15,000 note was supported by a valid consideration.

At the outset this court can summarily dismiss as without merit the technical argument submitted by the defendant Nordmeyer heirs to the effect

that since plaintiff did not reply to their answer pleading the statute of limitations this defense stands admitted. Our courts have repeatedly held that where defendants have failed to object to the pleadings in the trial court, they cannot do so for the first time on appeal, particularly when they have participated in the trial, or cross-examined witnesses on the point raised, as in the instant case. (*Meyer v. Hendrix*, 311 Ill. App. 605, 607; *Dempsey v. Burns*, 281 Ill. 644, 652.)

With reference to the defendant Nordmeyer heirs' contention that the statute of limitations barred the $8,500 note held by the plaintiff, it is established under the Illinois statutes and the judicial interpretations thereof that the payment of interest on a note tolls the running of the statute of limitations, and an action thereon may be commenced within ten years from the date of the last payment of interest. (Ill. Rev. Stats. ch. 83, par. 17 [Jones Ill. Stats. Ann. 107.276]; *Metcalf v. Metcalf*, 219 Ill. App. 96, 103; *Joseph v. Carter*, 314 Ill. App. 630, 633.)

In the instant case the note for $8,500 was executed by Frederick Nordmeyer on March 3, 1905 and was due five years thereafter. However, nineteen interest payments are indorsed thereon, beginning in 1906 and ending in 1931. Inasmuch as the last fifteen indorsements of interest are in the handwriting of L. J. Meyer, husband of the holder, and brother-in-law of the maker of the note, the Nordmeyer heirs contend that these indorsements are self serving and incompetent to prove payment.

Under the Illinois decisions and the prevailing judicial opinion in other jurisdictions, indorsements of payments made by a holder are admissible and sufficient evidence of payment where they are made at such time as to be against the interest of the party making the payments, or where they are corroborated by other evidence. (59 A. L. R. 905, 912; *Metcalf v. Metcalf*, 219 Ill. App. 96; *Spiller v. Riva*, 278 Ill. App. 334, 339.)

The indorsements on the $8,500 note in controversy herein were made practically every year beginning with the first year's interest in 1906 until 1931 just prior to the death of Frederick Nordmeyer. On the date of the last indorsement, in 1931, the statute of limitations would not have run for six years. The indorsement of the interest payment was, therefore, not made with a view toward extending the statute, and was clearly made at such a time as to be against the interest of the holder if no interest payment had in fact been made.

These facts and circumstances are in sharp contrast to the cases cited by the Nordmeyer heirs in support of their contention. In *Chapin & Gore, Inc. v. Estate of Powers,* 270 Ill. App. 382, there was only one indorsement of interest on the note in controversy during a period of sixteen years, and that was made shortly before the statute of limitations would have run; and in *Katt v. Chapman,* 248 Ill. App. 12, there was likewise only one indorsement of payment, and that was made twenty-six years after the note was due, and but a short time before the statute of limitations would have run. Moreover, in neither case was there any corroborating evidence of payment by the maker as in the instant case where plaintiff adduced evidence of statements against interest made by Louise Nordmeyer to the witness Frederick Meyer to the effect that her husband had made all of the interest payments on this note. Her statements against interest were admissible and binding upon the other Nordmeyer heirs. For, after the death of Frederick Nordmeyer, they became joint owners with her of the farm securing the note, and statements made by one party are binding upon all who have a joint interest in the subject matter. (*Lowe v. Huckins,* 356 Ill. 360, 364; *McMillan v. McDill,* 110 Ill. 47.)

From the foregoing analysis, therefore, it is apparent that since the last payment of interest was

made on March 3, 1931, and the action herein was commenced within ten years thereafter, the defendant Nordmeyer heirs did not sustain the burden of proving their affirmative defense that the note was barred by the statute of limitations. (*Joseph v. Carter,* 314 Ill. App. 630; *Weiland v. Weiland,* 297 Ill. App. 239, 246; *Spiller v. Riva,* 278 Ill. App. 334, 338.)

The record reveals, moreover, a reasonable explanation for the delay in foreclosing the mortgage securing this note. Because of the blood relation and devotion of the Meyer family to Louise Nordmeyer, they had promised her that no action would be taken on the note and mortgage so long as she lived, since her only source of income was the rents from the farm.

It is the opinion of this court, therefore, that the trial court committed no error in ordering foreclosure of the mortgage securing the $8,500 note, and in directing that the note be paid with interest out of the proceeds from the sale of the property.

With reference to the $15,000 note secured by a second mortgage on the premises, and held by the counterclaimants, L. J. Meyer, and Lewis Radeke, the primary issue is whether it was supported by consideration as a matter of law.

Section 24 of the Negotiable Instruments Law (Ill. Rev. Stats. ch. 98, par. 44 [Jones Ill. Stats. Ann. 89.044]) provides, in substance, that a note is deemed prima facie to have been issued for a valuable consideration. The burden of establishing the defense of no consideration is, therefore, on the party contesting the instrument.

In the case at bar the Nordmeyer heirs who contend that the note was without consideration, offered no witnesses on their own behalf and from the direct and cross-examination of the witnesses testifying for the counterclaimants the following undisputed facts appear.

Frederick Nordmeyer was indebted to Sophie Meyer, mother of his wife, and, on January 18, 1908, he and his wife gave her a note for $10,000. No payment was made on this note other than an interest payment of $100 on January 14, 1920. Prior to her death Sophie Meyer indorsed the note and gave it to her daughter, apparently desiring to make certain that whatever equity there was in the farm over and above the $8,500 note and mortgage would go to her daughter, and to the Meyer side of the family. Frederick Nordmeyer made no payments on the note while it was held by his wife, but on March 23, 1929, 18 days after the death of Sophie Meyer, he executed a note for $15,000 payable to his wife, which she also signed, and secured it by a second mortgage on the farm.

The legitimate and reasonable interpretation of the purport of this act from the sequence of events and circumstances is that inasmuch as the original $10,000 note was executed for money borrowed from Sophie Meyer, who, in turn gave the note to her daughter, and since it was never paid and remained an outstanding obligation of Frederick Nordmeyer in the possession of Louise Nordmeyer, the $15,000 note, executed thereafter, which was payable to her, was made to take up the unpaid $10,000 note plus accrued interest, and to insure that any equity in the premises over and above the first mortgage would go to his wife, and to the Meyer side of the family from whom Frederick Nordmeyer had borrowed money.

This interpretation is corroborated by the testimony of Lewis Radeke, who prepared the note and mortgage for Frederick Nordmeyer, and who served as administrator of the estate of Sophie Meyer, and by the statements of the witness Frederick Meyer, who assisted with many of the business transactions of Louise and Frederick Nordmeyer.

Section 25 of the Negotiable Instruments Law (Ill. Rev. Stats. ch. 98, par. 45 [Jones Ill. Stats. Ann.

89.045]) provides, in essence, that an antecedent debt constitutes valuable consideration where an instrument is taken in satisfaction of a debt.

In the instant case there was no payment of the original $10,000 note payable to Sophie Meyer, to whom Frederick Meyer was indebted. The fact that she gave the note to her daughter in order that the latter could recover on it from the other comaker did not constitute payment, or in any way discharge the outstanding obligation of Frederick Nordmeyer on the note. It was no less his obligation in the hands of his wife than in the hands of his mother-in-law. It is the opinion of this court, therefore, that the unpaid obligation of Frederick Nordmeyer, held by Louise Nordmeyer, constituted consideration for the $15,000 note executed by him, and we cannot agree with the findings of the circuit court that this note was without consideration.

It is our considered judgment, furthermore, that the counterclaimants are entitled to recover thereon either on the theory that they held the note as donees of a completed gift, or as heirs-at-law of the payee, or as holders in due course.

Section 16 of the Negotiable Instruments Law (Ill. Rev. Stats. ch. 98, par. 36 [Jones Ill. Stats. Ann. 89.036]) provides that where the instrument is no longer in the possession of the party whose signature appears thereon, a valid intentional delivery by him is presumed until the contrary is proved.

The uncontroverted evidence appearing in the record is that the $15,000 note was indorsed in blank by Louise Nordmeyer and turned over to the counterclaimant L. J. Meyer, her brother, on, or shortly after 1932, and that it remained in his possession during the next ten years preceding the death of Louise Nordmeyer. These facts are corroborated by extracts from her account book in her own handwriting showing payments of interest on this note made to L. J.

Meyer, and by her statements prior to her death that since the money had been originally loaned by her mother, it was only fair that it should go to the heirs of Sophie Meyer.

Clearly the foregoing facts and circumstances establish a prima facie case of intentional delivery, and under the statute the burden of proving otherwise was on the Nordmeyer heirs who contested delivery of the instrument. (*Smith v. Nevlin*, 89 Ill. 193, 194.) That burden of proof was in no way satisfied, for no evidence was offered to rebut the presumption of an intentional delivery, or to establish contrary facts. Counterclaimants, therefore, are properly entitled to recover on this note on the theory that the instrument was a valid and completed gift.

It appears further from the record that the Meyer family had loaned considerable additional sums of money to Frederick Nordmeyer and Louise Nordmeyer, for which they had never been repaid. The only thing of value which Louise Nordmeyer possessed was her equity in the farm securing the notes, and by indorsing the $15,000 note and mortgage and turning them over to L. J. Meyer, she was, in effect, repaying outstanding obligations by transferring to him the only thing of value she possessed. Under these circumstances, it could reasonably be inferred that the note in question was given for antecedent debts, and that the counterclaimants were holders in due course.

Irrespective of this interpretation, however, the counterclaimants are entitled to have the note paid out of the proceeds from the sale of the land securing the note, either as heirs-at-law of Louise Nordmeyer or as donees, and the order of the trial court dismissing their claim was in error.

Stripped of its legal habiliments, moreover, this is a case where relatives on one side of a family consistently aided and helped to support that family, and out of consideration for its welfare, refrained

from asserting valid rights to repayment until the latest date permissible under the law. When these relatives finally take action to foreclose mortgages held on the property in support of outstanding and unpaid obligations of the family, hitherto unknown heirs from the other side of the family contest the validity of these obligations on essentially technical grounds, and assert their claim to share the property. That claim cannot be countenanced by a court of equity, and it is the opinion of this court that it has no standing under applicable rules of law.

The note for $8,500 held by the plaintiff Margaret Meyer, and secured by a first mortgage on the premises was clearly not barred by the statute of limitations and the decree of the circuit court recognizing the note as a valid obligation should be affirmed.

The note for $15,000 held by the counterclaimants, L. J. Meyer and Lewis Radeke, and secured by the second mortgage was a valid obligation of Frederick Nordmeyer, and was given, in effect, as a renewal note for an unpaid note of $10,000 which constituted the consideration therefor. This $15,000 note was indorsed and delivered by the payee, Louise Nordmeyer, to L. J. Meyer and he is entitled to recover thereon out of the proceeds from the sale of the property. The findings and order of the circuit court dismissing this counterclaim should, therefore, be reversed and the cause is remanded with instructions to enter a decree in accordance with the views expressed herein.

*Judgment affirmed in part, and reversed and remanded as to the remainder.*