The First National Bank of Wood River, Plaintiff-Appellant, v. Frank Z. Carstens, and Virginia Carstens (Schrimpf), Defendants-Appellees.

Term No. 51-O-19.

Opinion filed March 1, 1952. Rehearing denied May 13, 1952. Released for publication May 15, 1952.

BURROUGHS, BURROUGHS & SIMPSON, of Edwardsville, for appellants.

RALPH T. SMITH, of Alton, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by the First National Bank of Wood River, a corporation, appellant (hereinafter

called plaintiff), from a decree of the circuit court of Madison county, Illinois, dismissing the complaint of said plaintiff to foreclose a mortgage as against Frank Z. Carstens and Virginia Carstens (Schrimpf), appellees (hereinafter called defendants).

The evidence discloses that defendant, Frank Z. Carstens, and his wife, executed a promissory note on January 11, 1932, payable one year after date, bearing interest at the rate of 7% per annum, and executed a real estate mortgage upon certain lots in Wood River, as security for the payment of the note. The plaintiff Bank is the successor to the original bank mortgagee and payee in the note. The defendant, Virginia Carstens (Schrimpf), the daughter of the defendant Carstens, is simply joined in the cause because she is alleged to have some interest in the premises by virtue of a purchase of the premises at a tax sale, and a quit claim deed from her father. Defendant Carstens set up, as a special defense, that the cause of action was barred by the Statute of Limitations. Plaintiff, in its reply, alleges that defendant Carstens, or someone in his behalf and with his knowledge and consent, made a payment of interest on the note on May 2, 1941, and thereby denies that the cause of action was barred by the Statute of Limitations. The only issue in the case is whether or not the evidence established the fact of the payment of interest on May 2, 1941, under such circumstances as to avoid the defense of the Statute of Limitations raised by defendant Carstens.

Defendant Carstens, who testified that he had an admittedly vague recollection of the transaction, denied making the last interest payment on the note, of May 2, 1941, although he admitted making some interest payments. On behalf of the plaintiff Bank the renewal note was introduced, which showed that interest was paid with some regularity, until the time of the payment of May 2, 1941. The interest payments were

endorsed and appear on the back of the original mortgage note. The last payment shown by endorsement was the payment on May 2, 1941. The evidence also showed that interest payments were not only endorsed on the note on the date of payment but were also, at the same time, entered on the Bank's daily note journal, which was a sheet or record upon which payment of either principal or interest on all notes for each day was kept. The cashier of the Bank testified that, generally, all these transactions were handled by him, personally, and that all entries of interest payments on the note and entries in the plaintiff Bank's note journal are in his handwriting, except one under date of November 25, 1939, which was made by an assistant cashier while the cashier was on his vacation. The last interest payment, in the sum of $108, on May 2, 1941, was noted by the cashier, and also on the Bank's note journal. The cashier also testified that all payments were made by defendant Carstens, personally, except that on one or two occasions he sent one of his children in to make a payment. The defendant Carstens kept no record of the payments and stated he could not tell from memory or any record the date of any payment, or the amount. The original note and the original bank sheets showing interest payments on the notes and in the Bank's journal were certified by the circuit clerk to this court, and were examined by the members of this court and same appear to be authentic.

Following the trial of this case the court below entered a decree dismissing the complaint, with prejudice, at plaintiff's cost, and the trial court made the following findings; that the defendants had not made any payments on the note upon which suit is based for more than ten years; that defendants have therefore proved their affirmative defense of the Statute of Limitations; and that the plaintiff proved only an endorsement of a partial payment on a note made by the hold-

er, without the privity of the maker, which was otherwise uncorroborated. Plaintiff prosecutes this appeal from such decree of the trial court.

██ It is true that an endorsement of partial payment on a note made by a holder, without privity of the maker, is not, of itself and uncorroborated, sufficient evidence of payment to overcome the defense of the Statute of Limitations, and the evidence to overcome the plea of the Statute should be clear, positive and convincing (*Chapin & Gore, Inc. v. Power's, Estate of,* 270 Ill. App. 382; *Simmons v. Nelson,* 48 Ill. App. 520). We believe the evidence in the instant case establishes corroborating facts which are sufficient to overcome the plea of the Statute of Limitations, and that this case is clearly distinguishable on the facts from the *Gore* case, *supra.*

 It is recognized that the payment of principal and interest on a note, tolls the running of the Statute of Limitations, and an action may be commenced within ten years from the date of the last payment (1951 Smith-Hurd Illinois Revised Statutes, chapter 83, section 17 [Jones Ill. Stats. Ann. 107.276]; *Meyer v. Nordmeyer,* 332 Ill. App. 165). An endorsement of interest payments on the notes is prima facie evidence that such payments were made by the maker of the notes, and that payments were made on the dates of such endorsements (1951 Smith-Hurd Illinois Revised Statutes, chapter 98, section 31 [Jones Ill. Stats. Ann. 89.031]; *Spiller v. Riva,* 278 Ill. App. 334, 341–342).

 Under the decisions in this State, however, such endorsements of payment made by the holder of a note are admissible and sufficient evidence of payment when, (1) they are made at such time as to be against the interest of the party making them, or, (2) they are corroborated by other evidence. In the case before us the renewal note which had endorsed thereon all interest payments made after the Bank merger, in-

cluding the last one made on May 2, 1941, and the Bank's exhibits consisting of daily note journals, and particularly, the entry or credit in the Bank's note journal of May 2, 1941, coupled with the testimony of the Bank's cashier that the endorsements and entries were original entries made at the time of the transaction and in due course of the Bank's business, and further reinforced by the positive testimony of the cashier that he had an independent recollection of these payments and that all payments, except the payment in November 1939, were made to him, personally, and that the journal entries were made by him, personally, and to the effect that all payments were either made in person by defendant Carstens, or on his behalf by one of his children, was sufficient under the evidence to overcome the plea of the Statute of Limitations.

Nothing contained in this opinion should be interpreted so as to imply that the simple notations of interest payment on the note made by the holder, without showing that the notation was made at such time as to be against the interest of the party making the notation, or without corroboration by other evidence, could operate to avoid the Statute of Limitations. The entry of the daily notation in the daily note journals in the instant case, however, coupled with the notation of payment on the note, and the positive evidence showing privity of the payments with the maker, were such, we feel, under the evidence before us, as to obviate the plea of the Statute of Limitations. Under the circumstances we do not believe that there is sufficient support in the evidence for the finding of the court below, and the decree of the circuit court of Madison county will, therefore, be reversed and the cause will be remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

BARDENS, J. and SCHEINEMAN, J., concur.