Elizabeth Niehaus and Arnold Niehaus, Administrators of Estate of William F. Niehaus, Deceased, and Elizabeth Niehaus, Executor of Estate of Joseph A. Niehaus, Deceased, Plaintiffs-Appellees, v. Luella Niehaus, Joseph Niehaus and Joseph Resmann, Defendants-Appellants.

Term No. 54–F–3.

436

Opinion filed May 18, 1954. Released for publication June 16, 1954.

BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, and MARTHA L. CONNOLE, of East St. Louis, for appellants.

LISTEMAN & BANDY, of East St. Louis, ARCHIE P. WEIHL, of Waterloo, Iowa, and ELDON M. DURR, of Edwardsville, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree in a foreclosure proceedings, in favor of appellees, Elizabeth Niehaus and Arnold Niehaus, administrators of the estate of William F. Niehaus, deceased, and Elizabeth Niehaus, executor of the estate of Joseph A. Niehaus, deceased (hereinafter called plaintiffs), and as against appellants, Luella Niehaus, Joseph Niehaus and Joseph Resmann (hereinafter called defendants), finding that there was due, respectively, $31,015.14 on one note and $1,770.41 on a second note, secured by mortgage, and decreeing a sale of real estate to satisfy the amounts found due, with recovery limited to the extent to which the real estate would provide. The action was instituted on two notes executed by Frank S. Niehaus and Sophia Niehaus.

In the complaint filed in this cause it was alleged that two notes and mortgages securing them were given by the named parties, and that after the execution and

437

delivery of the notes and mortgages, the makers (being unable to pay the interest on the notes or the taxes) were in default; and that William F. Niehaus (since deceased) pursuant to an oral agreement with Frank S. Niehaus and under the powers given under the mortgages, as agent for himself and other payees of the notes, went into possession of the real estate and remained there continuously until his death in December 1947, collecting all rents and profits from the lands, paying the taxes, and applying the balance remaining toward liquidation of the indebtedness upon the notes. After the death of William F. Niehaus it is alleged that Elizabeth Niehaus, as personal representative of his estate and as personal representative of the estate of Joseph Niehaus, continued in possession, collecting the rents and profits and paying taxes. It was further alleged that in February of 1934, William F. Niehaus endorsed on the first note a notation of interest paid, derived from the rents of the properties mortgaged. It was also alleged that while the makers of the notes were residents of the State of Illinois at the time of the execution of the notes in 1909, they moved from Illinois in 1921 and thereafter continuously lived outside the State of Illinois until their respective deaths (Sophia Niehaus died in 1926, and Frank S. Niehaus in 1944, both nonresidents of the State of Illinois). After the death of Frank Niehaus in 1944 his only heirs-at-law were the defendants, Joseph Niehaus and Luella Niehaus, and that decedent died leaving no personal property, and no administration was taken out on his estate in Illinois, and that by reason of his death, the defendants Joseph Niehaus and Luella Niehaus became the owners of the real estate described, as tenants in common, subject to plaintiffs' right to have the indebtedness secured by mortgage satisfied and paid therefrom. It was alleged that Joseph Niehaus was a nonresident of the State of Illinois prior to and continuously since

438

the death of his father. There was the usual prayer for foreclosure and sale contained in the complaint.

Defendants filed a verified answer upon information and belief of the defendant Luella Niehaus, denying execution and delivery of the notes and mortgages, and all other material allegations of the complaint, and set up among other things, that the mortgages were barred by the statute of limitations, and that there was no consideration for the notes, etc. No specific questions are raised on the pleadings as such.

The case was referred to a special master in chancery. The master in his report found that the notes and mortgages were given for a valid consideration; that the notes were signed, acknowledged, and properly delivered by the original mortgagors, and were duly recorded in the recorder's office of Madison county. The master also found that by reason of an oral agreement and the provisions of the mortgages the individuals referred to in this statement of facts had entered into possession of the premises, collecting the rents and profits since about the year 1910; and paid the taxes on the real estate and applied the balance on the interest due on the two notes. The master found that the notes and mortgages were not barred by the statute of limitations; and that a decree should be entered requiring defendants to pay plaintiffs the amounts found to be due, and in default of said payment, that the mortgages be foreclosed and the real estate be sold to satisfy the indebtedness. Objections to the master's report were overruled and exceptions were likewise overruled, and a decree was entered in conformance with the master's report.

On appeal in this court defendants announce as their theory of the case that: (1) "due to the verified answer of defendants to the amended complaint as filed herein, specifically denying delivery of the notes and mortgages and that any consideration was given therefor,

it was the duty of plaintiffs to prove such denials"; and also that, (2) "if proper execution of the notes and mortgages were proven, each was barred by the Statute of Limitations."

It is the theory of plaintiffs that the execution of the two notes and mortgages securing them has been proven without contradiction, and that the mortgagees in 1910, after default, went into possession of the mortgaged real estate and remained there continuously until their respective deaths; and collected the rents and profits from the real estate and applied the rental collections to the payment of taxes and interest due on the notes; that from time to time parcels of the mortgaged real estate were sold with the consent of the makers of the notes and, as sold, the proceeds of the sales were applied to the payment of interest due on the notes. It is also contended that the maker, Frank S. Niehaus was a nonresident of Illinois from 1921 to the time of his death in 1944; and that the defendant, Joseph Niehaus, is now and always has been a nonresident of Illinois since the death of his father; and that, accordingly, the statute of limitations could not run against the indebtedness; and that the plaintiffs, as personal representatives of the estates of the payees of the notes, have a right under the mortgages, as well as by the provisions of the statutes (1953 Illinois Revised Statutes, chapter 59, sections 11 to 15 [Jones Ill. Stats. Ann. 55.11–55.15]), to look to the real estate for payment of the indebtedness. It is also the position of plaintiffs that because defendants have not been shown to have been prejudiced by any delay in an earlier enforcement of payment of the notes, the doctrine of laches has no application. They have also pointed out that the personal representatives of the plaintiffs are still in possession of the mortgaged premises, collecting the rents and paying the taxes; and that

there had been land sales of part of the mortgaged premises participated in by the original mortgagors, as contended by plaintiffs.

No evidence was offered by defendants to challenge the execution and delivery of the notes and mortgages, nor to show payment thereof. The only evidence which was offered was testimony of one defendant to the effect that sometime in 1945 William Niehaus stated that his brother Frank had "no debts."

■ It is apparently the contention of defendants that when execution of a written instrument is denied under oath, plaintiffs are required to make proof of such execution by testimony of witnesses who were present and saw the actual delivery. There is no such specific requirement. The statute 1953 Illinois Revised Statutes, chapter 110, section 159 (2) [Jones Ill. Stats. Ann. 104.035, subd. (2)] is to the effect that in absence of verified denial of the execution of an instrument the allegation of execution is admitted, and defendant cannot offer evidence to the contrary. The statute permits a defendant to contest the issue and provides for a verified denial, either on personal knowledge or on information and belief. This put the question of execution in issue and permitted defendants to offer evidence to defeat plaintiffs' claim of proper execution. It did not require that plaintiffs make proof of actual manual delivery by eyewitnesses, but plaintiffs could rely on such legal presumptions as are provided for in the Negotiable Instruments Act, and such inferences as arise from the evidence, including any evidence, direct or circumstantial, from which the fact of execution and delivery could be determined.

The evidence clearly showed that the instruments were, since their execution, placed in the hands of and under the control of the mortgagees. The mortgages were properly acknowledged and recorded, and the evi-

dence showed that the mortgages were the only mortgages of record in Madison county executed by the mortgagors. This was followed by an arrangement by the mortgagors and the mortgagees by which the mortgagees were placed in possession of and permitted to collect the rents, and mortgagors never at any time asserted a claim superior to the claim of the mortgagees. Portions of the real estate were sold as a result of arrangements made between the parties and the proceeds were chiefly credited upon the mortgage obligations. Possession of the notes was shown to be in the mortgagees, except for a period of time when they were pledged with a bank as security for personal loans.

Possession of the notes in such manner, unexplained by any contrary evidence is presumptive evidence of delivery under all the facts and circumstances presented in this case. The burden of proving a conditional delivery of an instrument is upon the one asserting such contention (*Cusanelli v. Steele*, 287 Ill. App. 490, 497). There was no evidence to support the contention of defendants of a conditional delivery.

The fact of recording and proper execution of an instrument, and its possession by the mortgagee, raises a strong presumption that the notes and mortgages had been delivered, and the presumption could only be overcome by clear and convincing evidence (*Creighton v. Elgin*, 395 Ill. 87, 96; *Hathaway v. Cook*, 258 Ill. 92, 96), and the burden of proving payment or any other defense was cast upon defendants (*Foreman Trust & Savings Bank v. Cohn*, 342 Ill. 280, 287; *Boudinot v. Winter*, 190 Ill. 394, 396).

Where a party to a contractual obligation is a resident of the State of Illinois at the time of the transaction and thereafter leaves the State within the time limited to commence the action, then the time of his absence is no part of the time limited for bringing this suit (1953 Illinois Revised Statutes, chapter 83,

section 19 [Jones Ill. Stats. Ann. 107.278]; *Massman v. Duffy,* 330 Ill. App. 76, 86). It is the duty of one relying upon the defense of the statute of limitations to prove every essential element thereof as an affirmative defense (*Hellen v. Hellen,* 170 Ill. App. 464, 470; *Schell v. Weaver,* 225 Ill. 159, 162).

 Endorsements of payments of interest on the notes by the holder and owner were made at such time as to be against the interest of the party making them, or when corroborated by other evidence, are admissible to prove payment so as to toll the statute of limitations (*First National Bank of Wood River v. Carstens,* 346 Ill. App. 474, 478; *Meyer v. Nordmeyer,* 332 Ill. App. 165, 171). In considering the application of the statute of limitations it is notable that the statute of limitations does not run against a mortgagee who, after a condition broken, enters upon mortgaged property, collects the rent therefrom, and pays the taxes. In this manner the mortgagee is but pursuing one of the well-known remedies for the collection of a mortgage debt (*Fountain v. Bookstaver,* 141 Ill. 461, 468; *Miller v. Frederick's Brewing Co.,* 405 Ill. 591, 598). The mortgagee in actual possession under such circumstances is in possession of all the law gives him, and the possession itself is prima facie evidence that the money is not paid. The mortgagee in possession is bound to collect the rentals, pay the taxes, and make necessary repairs, and mortgagees in possession under such circumstances were accountable to the mortgagors for such collections. In the instant case, with the application of the rentals to the payment of delinquent interest, the statute of limitations was tolled, and the time for bringing an action on the notes was ten years from the last interest payment (1953 Illinois Revised Statutes, chapter 83, section 17 [Jones Ill. Stats. Ann. 107.276]). As long as the debt itself, evidenced by the notes, was not barred, action on the mortgages which

are merely an incident of the debt was likewise not barred (*Northern Trust Co. v. McEldowney*, 291 Ill. App. 352, 361; *Meyer v. Nordmeyer, supra*). The defendants cannot avail themselves of any limitation statute designed to protect third parties who rely upon land records, as creditors or subsequent purchasers are entitled to rely upon the land records. Between the original parties to a mortgage it is immaterial that the mortgage is not a lien of record. It may be enforced though never recorded. The heirs and personal representatives of a deceased mortgagor stand in his shoes in this respect since they are neither creditors nor purchasers.

 It was thus apparent that in 1921 when Frank Niehaus left Illinois and took up residence in Missouri, the notes were not barred by statute of limitations. Frank Niehaus never returned to the State of Illinois but remained a nonresident until his death in 1944. His absence therefore tolled the running of the statute of limitations on the notes as well as the mortgages (*Massman v. Duffy, supra*). During his absence from the State the mortgagees remained in possession of the property and each year collected the rentals and applied them to the payment of taxes and unpaid interest. This was shown by the endorsements themselves, tax receipts, and correspondence between the parties whereby the mortgagor was advised of the rentals and the applications on the notes. The mortgagees were bound so to apply the rentals in any event, and simply did what they were obligated to do.

 In view of the fact that the mortgagees took possession of the land and applied all of the rentals as indicated in this opinion, and that defendants never had any interest in the mortgaged real estate until the death of their father less than six years prior to the institution of the suit and took no part in the operation and management of the property, defendants' position

444

has not been changed or altered by any delay in the institution of the suit. The defendants still have all their father ever owned, viz.: a farm, subject to an indebtedness which the father impressed upon the land and never paid. The doctrine of laches therefore would have no application (*Meyer v. Nordmeyer, supra*).

 We believe that the decree in the instant case and the finding of the chancellor were fully supported by competent evidence. The accounting sheets of William F. Niehaus which were identified as being the records kept in the course of his dealings and transactions with reference to the mortgages in question, were found in his business files in his home after his death. A series of letters between William and Frank Niehaus, the mortgagor, pertaining to the sale of a part of the mortgaged real estate, were likewise identified and introduced in evidence. Letters written by decedent, Frank Niehaus, were in Frank Niehaus' own handwriting, and the letters from William Niehaus were established by carbon copies introduced after a proper demand for the originals from the defendants. Testimony as to occurrences after the death of Frank Niehaus was admitted. Neither of the defendants was competent to testify as to anything that occurred prior to the death of William Niehaus. It is presumed on appeal in this court that the chancellor considered only the competent evidence in rendering a decree. The master in chancery heard the witnesses and his findings will not be set aside unless such findings are wholly unsupported by competent evidence or are manifestly against the weight of the evidence (*Stowell v. Satorious*, 413 Ill. 482, 493).

Under the record before us it is apparent that Frank Niehaus at the time of his death was indebted to his two brothers, Joseph and William Niehaus, on the two notes involved in this proceeding. The action on the notes was not barred by any statute of limitations,

but were valid obligations at the time the suit was instituted. As we have indicated there was no prejudice or change of position as to defendants sufficient to justify the application of the doctrine of laches. We must, therefore, conclude that the decree properly subjected the real estate to the payment of the obligations and should be affirmed. The decree of the circuit court of Madison county will, therefore, be affirmed.

*Affirmed.*

Scheineman, P. J. and Bardens, J., concur.